# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLORADO

Civil Action No. 15-CV-2176-RBJ

BIG O TIRES, LLC, a Nevada limited liability company

Plaintiff,

v.

BIG AUTO SERVICE CENTER, INC., a California corporation
and EMAD S. SAIDAWI, an individual

Defendants.

_____

### STIPULATION ORDER AND PERMANENT INJUNCTION
_____

THE COURT, being duly advised in the premises and upon the Stipulated Motion of Big O Tires, LLC (the "Plaintiff") and Big Auto Service Center, Inc. and Emad S. Saidawi (collectively the "Defendants"), hereby orders, adjudges and decrees the following:

1. The Big O Tires Franchise Agreement #20755 with an effective date of September 29, 2008 by and between the Plaintiff as Franchisor and Defendant Big Auto Service Center, Inc. as Franchisee, and Emad S. Saidawi as Guarantor (hereinafter the "Agreement") is terminated effective July 17, 2015 except for any duty by either party to indemnify the other in the Agreement against claims by third parties.

2. The caption in this case is hereby amended to change the name of Defendant BIG AUTO SERVICE, INC. to its proper name as incorporated in the State of California, and as set forth in the Agreement: "BIG AUTO SERVICE CENTER, INC."

3. The Plaintiff shall not seek enforcement of Agreement Paragraph 17.04, Post Termination Covenant Not to Compete.  This clause shall have no further cause or effect, and

Defendants may continue to operate a store at their current location of 1509 Parkmoor Avenue, San Jose, California 95128 without restriction on the products or services that the store sells, provided Defendants comply with the terms of this Order and Permanent Injunction.

    4.    Permanent Injunction: Pursuant to 15 U.S.C. § 1116, the Court Orders that the Defendants and their officers, agents, servants, employees and attorneys, and those persons or entities in active concert or participating with them who receive actual notice of this order by personal service or otherwise be enjoined from engaging in the following acts:

    a.    Using the trademarks of the Plaintiff including BIG-O, Registration Number 993,415, registered September 24, 1974, BIG O, Registration Number 994,466, registered October 1, 1974, BIG O TIRES and design, Registration Number 1,611,160, registered August 28, 1990, BIG O TIRES and design, Registration Number 2,834,058, registered April 20, 2004, BIG O TIRES and design, Registration Number 2,821,053, registered March 9, 2004, WWW.BIGOTIRES.COM, Registration Number 2,514,975, registered December 4, 2001; and A REPUTATION YOU CAN RIDE ON, Registration Number 1,845,544, registered February 22, 1993. (collectively the "Marks") in the advertising or sale of tires and other automotive services;

    b.    Using the trade dress of the Plaintiff consisting of the overall layout of the franchised locations including decorative maroon, black and white stripes, a red and white interior, red and black employee uniforms with or without Big O logos and various point of purchase materials and displays (collectively the "Trade Dress");

      c.      Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations or any combination thereof which would imitate, resemble or suggest the Marks or the Trade Dress including the Defendants identifying themselves as Big J Tires and Big On J Tires; and

      d.      Diluting the distinctiveness of the Marks and trade dress and otherwise injuring the Plaintiff's reputation in any manner.

      e.      The Plaintiff and the Defendants are enjoined from disparaging each other on social media or in any other manner.

5.      In any subsequent court proceedings regarding this Order and Permanent Injunction, the prevailing party shall be entitled to reasonable attorney fees and costs.

6.      In addition to any other appropriate remedy for violation of this Order and Permanent Injunction, if a court of competent jurisdiction finds that Defendants have violated the Order and Permanent Injunction, the Defendants shall assign to the Plaintiff the telephone number (408) 286-8473.  In addition, if the Defendants go out of business or stop doing business at their current location, the Defendants shall assign such telephone number to the Plaintiff.

7.      Neither party shall take any action to harm the other party's business, including without limitation sending letters or filing complaints in any other manner with federal, state and local government agencies, filing complaints with private organizations such as the Better Business Bureau, posting negative comments on internet social media sites such as Facebook, Twitter, or Yelp, and -- for a period of one year from the date of this Order -- soliciting for employment the other party's employees.

8. The Defendants shall allow the Plaintiff reasonable access to the Defendants' tire and automotive shop to monitor compliance with this Order and Permanent Injunction.

9. The Defendants shall provide the Plaintiff a copy of any customer list in Defendants' possession, custody and control that Defendants developed and assembled during the time period when the Agreement was in effect, September 29, 2008 through July 17, 2015.

10. Upon request by the Defendants, the Plaintiff shall, within a reasonable time, provide the Defendants with any information in the Plaintiff's possession, custody and control relating to the operation of Defendants' store pursuant to the Agreement that Defendants may reasonably need for federal, state, or local tax purposes.

11. This Order and Permanent Injunction shall not foreclose collection in a separate action by the advertising fund Big O Tire Dealers of Nor Cal and Nor Neva, with regard to any amounts allegedly owed by the Defendants.

12. Except as set forth herein, all claims of the Plaintiff against the Defendants in this action are dismissed with prejudice, each party to pay their own costs and attorney fees. The settlement terms set forth in this Order and Permanent Injunction are a compromise and the parties in this matter shall never assert to anyone that the terms of this Order and Permanent Injunction constitute an admission of liability or responsibility by either party.

13. Mutual release: Except as set forth herein, Big O shall release and forever discharge the Defendants and the Defendants shall release and forever discharge Big O from any and all past, present or future claims, demands, obligations, actions, causes of actions, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, which Big O or Defendants now have against each other, whether now known or hereafter discovered, from the beginning of time

to the date of this Order and Permanent Injunction, including all claims, potential counterclaims, third parties claims or otherwise that were made, or could have been made, in this action and not covered herein.  This release and discharge shall also apply to Big O's and Defendants' past, present and future insurers, officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors, managers, members, successors in interest, and assigns, and all other persons, firms or corporations with whom any of the foregoing have been, are now or may hereafter be affiliated.

PLAINTIFF
BIG O TIRES, LLC

DEFENDANT
BIG AUTO SERVICE CENTER, INC.

By: */s/ Kevin Kormondy*
    Kevin Kormondy
    Executive Vice President
    Chief Operating Officer

By: */s/ Emad S. Saidawi*
    Emad S. Saidawi
    President

DEFENDANT
EMAD S. SAIDAWI, an individual

By: */s/ Emad S. Saidawi*
    Emad S. Saidawi

APPROVED AS TO FORM:

COUNSEL FOR PLAINTIFF

COUNSEL FOR DEFENDANTS

By: */s/ Harold R. Bruno, III*
    Harold R. Bruno, III
    Robinson, Waters & O'Dorisio, PC

By: */s/ Wayne N. White Jr.*
    Wayne N. White Jr.
    Watson & Associates, LLC

DONE and signed this 9th day of December, 2015.

BY THE COURT:

R. Brooke Jackson
United States District Court Judge